| | | |
|---|---|---|
| AUSTINTS, INC., | § | |
| Plaintiff, | § | |
| | § | A09CA 730 SS |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| AQFTM, INC., | § | |
| Defendant. | § | |

## APPEAL FROM DECISION OF TRADEMARK TRIAL AND APPEAL BOARD AND COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Austinuts, Inc. ("Austinuts") appeals from the August 6, 2009 decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB") in the matter styled AQFTM, Inc. v. Austinuts, Inc., Opposition Number 91166551, concerning United States Trademark Application Serial Numbers 76485326 and 76485325, and requests declaratory relief, as follows:

### Nature of Action and Jurisdiction

1. This is a civil action appealing a TTAB decision pursuant to the provisions of 15 U.S.C. § 1071(b).

2. Austinuts also seeks declaratory judgment in this action. A case of actual controversy within this Court's jurisdiction exists between the parties concerning these rights.

1

This Court is authorized to declare the rights of the parties in this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, and TEX. CIV. PRAC. & REM. § 37.003.

3. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121; and under the jurisdictional provisions of Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338 and 1367.

## Parties

4. Plaintiff Austinuts, Inc. is a Texas corporation with a principal place of business at 2900 West Anderson Lane, Austin, Texas 78757.

5. On information and belief, Defendant AQFTM, Inc. ("AQFTM") is a Delaware corporation with a principal place of business at 1 Quality Lane, Cary, North Carolina 27513.

## Austinuts' Business and Its AUSTINUTS Marks

6. Austinuts is based in the city of Austin, Texas, where it has operated under the coined mark AUSTINUTS for over 16 years. Austinuts' primary business is roasting and selling fresh dry roasted gourmet nuts and seeds. Austinuts sells these gourmet nuts and seeds (as well as ancillary gourmet products such as dried fruits, trail mixes, chocolates and candies), in both bulk and prepackaged form, in its own retail stores, in other gourmet retail channels such as specialty nut stores, gourmet food stores, and fresh produce departments of grocery stores, and through wholesale channels.

7. Austinuts has filed in the United States Patent and Trademark Office applications to register the following marks (the "AUSTINUTS Marks"):

| MARK | SERIAL NO. | GOODS | CLASS | First Use |
|---|---|---|---|---|
| AUSTINUTS | 76485325 | Nuts, namely dry roasted nuts | 29 | 9/15/93 |
| AUSTINUTS and design | 76485326 | Nuts, namely dry roasted nuts | 29 | 9/15/93 |

## AQFTM and Its AUSTIN Marks

8. On information and belief, AQFTM offers low-cost, prepackaged cookies and crackers under the mark AUSTIN, which are sold in snack sections of grocery stores and mass retailers such as Wal-Mart and Costco, and are available from vending machines.

9. On information and belief, AQFTM owns federal trademark registrations for the following marks (the "AUSTIN Marks"):

| MARK | REG. NO. | GOODS | CLASS | Claimed First Use |
|---|---|---|---|---|
| AUSTIN and design | 1266461 | Crackers, crackers with cheese, cheese flavored crackers | 30 | 12/3/81 |

3

| MARK | REG. NO. | GOODS | CLASS | Claimed First Use |
|---|---|---|---|---|
| AUSTIN QUALITY and design | 1935987 | Cookies, crackers | 30 | 9/94 |
| AUSTIN SINCE 1932 | 3129236 | Crackers, cracker sandwiches and cookies | 30 | 1/31/03 |
| AUSTIN SINCE 1932 SNACKERZ | 2929502 | Cookies | 30 | 1/15/04 |
| AUSTIN SNACKERZ | 2931475 | Cookies | 30 | 1/15/04 |

**The TTAB Proceedings**

10. On September 6, 2005, AQFTM opposed the registrations of the AUSTINUTS Marks in Opposition Numbers 91166552 and 91166551 with the TTAB. These proceedings were consolidated on November 28, 2005, and proceeding number 91166551 was designated the "parent" case.

11. Each party submitted testimony, exhibits, and/or briefing to the TTAB. On April 23, 2009, a three-judge panel of the TTAB held oral argument. On August 6, 2009, the TTAB issued a decision in favor of AQFTM, concluding that "consumers familiar with [AQFTM's] cookies and various crackers sold under its AUSTIN marks would be likely to believe, upon

4

encountering [Austinuts'] AUSTINUTS marks for nuts, that the goods originate from or are associated with or sponsored by the same entity." Austinuts believes that decision to be erroneous and hereby appeals.

12. Austinuts has elected to appeal the TTAB's decision by civil action in this Court under 15 U.S.C. § 1071(b), rather than by appeal to the United States Court of Appeals for the Federal Circuit under 15 U.S.C. § 1071(a).

13. The decision of the TTAB is erroneous for the following reasons:

   a. Consumers are not likely to be confused, mistaken or deceived as to the origin or sponsorship of Austinuts' goods marketed under the AUSTINUTS Marks nor misled into believing that such goods are produced by, emanate from, or are in some way associated with AQFTM.

   b. The AUSTINUTS Marks and the AUSTIN Marks are not confusingly similar in appearance, connotation or commercial impression.

   c. The parties' goods are significantly different, and are not promoted, purchased or consumed in the same way or by the same general class of purchasers.

**AQFTM's Allegations of Likelihood of Confusion**

14. As discussed above, on September 6, 2005, AQFTM opposed registration of the AUSTINUTS Marks, alleging they are likely to cause confusion with its AUSTIN Marks. In its Notices of Opposition AQFTM stated, "[Austinuts'] use of the mark AUSTINUTS for the goods listed in its application is likely to cause confusion, deception, or mistake as to the source, sponsorship or approval of [Austinuts'] aforesaid goods in that purchasers and others are likely

5

to believe that [Austinuts'] goods are [AQFTM's] goods or are in the same way legitimately connected with [AQFTM] or its goods."

15. Austinuts has invested years of time and resources into the development of the AUSTINUTS Marks and line of products, and continues to do so. AQFTM's allegations have created uncertainty regarding Austinuts' ongoing ability to use and register its AUSTINUTS Marks.

16. AQFTM's allegations regarding Austinuts' use of its AUSTINUTS Marks brings Austinuts into adversarial conflict with AQFTM.

17. An actual controversy exists between the parties based on AQFTM's allegations.

18. So that it may continue to use its AUSTINUTS Marks without interference from AQFTM, Austinuts desires to resolve this controversy and establish that it is not violating any protectable rights of, or unfairly competing with, AQFTM.

**Austinuts Has Use Prior to the Majority of the AUSTIN Registrations**

19. With the exception of Reg. No. 1266461 for AUSTIN and design, Austinuts has used its AUSTINUTS Marks since before AQFTM commenced using its AUSTIN Marks. Specifically, Austinuts has used its AUSTINUTS Marks continuously since at least as early as September 15, 1993, and, other than the AUSTIN and design mark, AQFTM's registrations claim first use after that date.

20. Because AQFTM's rights in the marks AUSTIN QUALITY and design, AUSTIN SINCE 1932 and design, AUSTIN SINCE 1932 SNACKERZ and AUSTIN SNACKERZ do not

predate Austinuts' rights in the AUSTINUTS Marks, AQFTM has no basis to assert any claims against Austinuts based on those marks and registrations 15 U.S.C. § 1115(b)(5).

**No Likelihood of Confusion Exists**

21. There is no likelihood of confusion, mistake, or deception as to the source or sponsorship of Austinuts' products or services offered or sold under its AUSTINUTS Marks.

22. The parties' marks are not confusingly similar, as they differ significantly in sight, sound, meaning, and commercial impression. In particular, while "AUSTIN" is not a coined term but rather is a common personal and geographic name, "AUSTINUTS" is a coined term pronounced "aus-ti-nuts."

23. AQFTM's AUSTIN Marks are weak, as there are a number of AUSTIN-formative marks used and registered by third parties. For example, the USPTO's online database contains at least ten live registrations or allowed applications for formatives of AUSTIN in Classes 29 and 30 owned by entities other than AQFTM, including:

| MARK | REG./APP. NO. | CLASS 29/30 GOODS |
|---|---|---|
| AUSTIN CHILE CO. and design | 77557459 (allowed) | Jams, dips excluding sauces, shelled nuts, prepared nuts, seasoned nuts, roasted nuts, prepared pistachios (Class 29) Sauces, marinades, gift baskets containing sauces (Class 30) |
| AUSTIN JAVA | 3504171 | Roasted coffee beans |
| TASTE OF AUSTIN and design | 2347898 | Coffee |
| AUSTIN GRAND PRIZE | 3456154 | Salsa |
| AUSTIN BBQ COMPANY and design | 77426746 (allowed) | Sauces |
| AUSTIN'S ANGUS ACRES | 3122140 | Seasoning mix composed of sea salt, black pepper, onion, garlic, parsley flakes, celery flakes, and corn starch used to flavor steaks |

7

24. Moreover, there are a number of other food-related registrations or allowed applications that include the word AUSTIN:

| MARK | REG./APP. NO. | GOODS/SERVICES (selected) |
|---|---|---|
| AUSTINS STEAKS & SALOON | 3229775 | Restaurant and bar services |
| AUSTINS STEAKHOUSE | 3282978 | Restaurant and bar services |
| AUSTIN GRILL and design | 3201336 | Restaurant and bar services |
| AUSTIN'S ORIGINAL ORGANIC BURGER SPOT | 77705715 (published) | Restaurant services featuring organic food |
| AUSTIN NICHOLS, stylized | 0517642 | Alcoholic liqueurs and whiskey |
| AUSTIN ROBAIRE | 2748039 | Wine |
| AUSTIN VALE | 2722225 | Wine |
| AUSTIN HOPE | 2839088 | Wine |
| AUSTIN ST | 3009400 | Wine |
| AUSTIN'S | 1272047 | Dog food |

25. There are numerous other uses of marks and names that include "AUSTIN" for food and related products and services.

26. The parties' goods and services are offered through different channels of trade.

27. The primary consumers of the goods associated with each mark are different.

28. Despite over sixteen years of the parties' concurrent use of their respective marks, Austinuts is aware of no instances of actual confusion. On information and belief, AQFTM is likewise aware of no instances of actual confusion resulting from Austinuts' use of its AUSTINUTS Marks.

## AQFTM's Claims Are Barred By Laches

29. Austinuts has been using its AUSTINUTS Marks continuously, openly, and extensively, since at least September 15, 1993.

30. AQFTM has unreasonably delayed in objecting to or seeking to prohibit or restrict Austinuts' use of the AUSTINUTS Marks.

31. Austinuts has invested significant resources into developing its AUSTINUTS Marks, products, and business over the last 16 years. Austinuts would suffer unfair and extreme prejudice should AQFTM be permitted to pursue claims against Austinuts' use of the AUSTINUTS marks at this time.

## COUNT I: REVERSAL OF TTAB DECISION AND DECLARATION THAT AUSTINUTS IS ENTITLED TO REGISTRATION OF ITS AUSTINUTS MARKS

32. Austinuts realleges the allegations contained in the preceding paragraphs.

33. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Austinuts' right to register its AUSTINUTS Marks.

34. Austinuts' AUSTINUTS Marks, the subjects of Application Serial Nos. 76485325 and 76485326, when used on or in connection with Austinuts' goods, are not likely to cause confusion, or to cause mistake, or to deceive as to source or affiliation with AQFTM or its AUSTIN Marks. The TTAB's August 6, 2009 decision should therefore be reversed, and judgment should be rendered in Austinuts' favor rejecting AQFTM's oppositions.

## COUNT II: DECLARATION THAT AUSTINUTS' USE OF ITS AUSTINUTS MARKS DOES NOT INFRINGE OR OTHERWISE VIOLATE AQFTM'S AUSTIN MARKS

35. Austinuts repeats the allegations above as if fully set forth herein.

36. Austinuts' use of its AUSTINUTS Marks does not create any likelihood of confusion, and therefore does not infringe or otherwise violate any rights of AQFTM.

## COUNT III: DECLARATION THAT AQFTM'S CLAIMS ARE BARRED BY LACHES

37. Austinuts repeats the allegations above as if fully set forth herein.

38. AQFTM has unreasonably delayed in challenging Austinuts' use of the AUSTINUTS Marks.

39. Austinuts has been substantially prejudiced by AQFTM's delay.

40. Consequently, any claims AQFTM may have or may have had against Austinuts' use of the AUSTINUTS Marks are barred by laches.

WHEREFORE, Austinuts requests:

1. That the decision of the Trademark Trial and Appeal Board sustaining AQFTM's opposition to the registration of Austinuts' trademarks be reversed;

2. That the Director of the United States Patent and Trademark Office be ordered to issue certificates of registration for Austinuts' trademarks AUSTINUTS (Serial No. 76485325) and AUSTINUTS and design (Serial No. 76485326) on Austinuts' filing in the United States Patent and Trademark Office a copy of the adjudication in this action and otherwise complying with the requirements of law;

3. A judgment declaring that: (1) Austinuts' use of its AUSTINUTS Marks is not likely to cause confusion as to the source or sponsorship of Austinuts products, and

does not infringe, or otherwise violate any of AQFTM's rights; and (2) AQFTM is barred by laches from challenging Austinuts' use of the AUSTINUTS Marks;

    4. That Austinuts recover its costs and reasonable attorney fees incurred in this action; and

    5. That Austinuts have such other and further relief as may be proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Austinuts demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Dated: October 5, 2009

William G. Barber
State Bar No. 01713050
Wendy C. Larson
State Bar No. 24055820
PIRKEY BARBER LLP
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (Fax)

ATTORNEYS FOR PLAINTIFF AUSTINUTS, INC.