Filed 4-14-10

Clerk, U. S. District Court
Western District of Texas
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTINUTS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A09 CA 730 SS |
| | § | |
| AQFTM, INC., | § | |
| Defendant. | § | |

## ORDER AMENDING APPLICATIONS AND
## MODIFYING DECISION ON APPEAL

Before the Court is Austinuts, Inc.'s Motion with Consent to Amend Applications and Modify Decision on Appeal. The Court finds that the motion is meritorious and should be granted. Specifically, the Court finds as follows:

1. This is a civil action appealing a decision from the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") pursuant to the provisions of 15 U.S.C. § 1071(b). This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. On January 27, 2003, Plaintiff Austinuts, Inc. ("Austinuts") filed applications in the USPTO to register the mark AUSTINUTS in standard character, all capital letters (Ser. No. 76485325) and in design form (Ser. No. 76485326) for "nuts, namely dry roasted nuts." Defendant AQFTM, Inc. ("AQFTM") filed oppositions against these applications with the

TTAB (Consolidated Opposition Nos. 91166551 and 91166552). On August 6, 2009, the TTAB entered a decision sustaining the oppositions on the ground of likelihood of confusion with AQFTM's AUSTIN marks, and refusing Austinuts' applications. Austinuts' timely appealed the TTAB's decision to this Court pursuant to 15 U.S.C. § 1071(b).

3. Austinuts, Inc. is modifying its use of its marks to use the display austiNuts, and clarifying that the mark is pronounced "aus-ti-nuts."

4. In accordance with Austinuts, Inc.'s motion with consent of AQFTM, Inc., Austinuts' applications shall be amended as follows:

(a) The mark in Ser. No. 76485325 shall be amended from AUSTINUTS (standard character, all capital letters) to austiNuts and to include the following description of the mark: "The mark consists of the word austiNuts displayed in standard characters and in lower case letters except for the capital letter 'N' and is pronounced 'aus-ti-nuts.'"

(b) The mark in Ser. No. 76485326 shall be amended from:



to:

DB1/64458310.12



and will include the following description of the mark: "The mark consists of a peanut design which includes the word austiNuts displayed in lower case letters except for the capital letter 'N' and is pronounced 'aus-ti-nuts.'"

(c) The literal element of each application will be identified as austiNuts.

(d) The identifications of goods in Ser. No. 76485325 and 76485326 shall be amended from "nuts, namely dry roasted nuts" to "nuts, namely fresh dry roasted gourmet nuts sold in bulk; prepackaged dry roasted gourmet nuts sold primarily in specialty nut stores, gourmet food stores, and produce or healthy food departments of grocery stores."

5. The Court finds that the amendments to the applications and marks are narrowed by the amendments set forth in 3(a), (b) and (c) and do not constitute a material alteration within the meaning of 37 C.F.R. § 2.72. The Court also finds that the amendments set forth in 3(d) above do not broaden the identification of goods in either application, but rather limit and clarify them consistent with 37 C.F.R. § 2.71(a).

DB1/64458310.13

6. The Court further finds, consistent with the parties' agreement, that there is no likelihood of confusion caused by Austinuts' use of the marks as amended in 3(a) and (b) above, when used on or in connection with the amended identifications of goods in 3(d). Therefore, Austinuts is entitled to a registration upon each application as amended herein, and the Director of the USPTO is authorized and instructed to issue such registrations accordingly, subject to any procedural requirements the USPTO may apply to these amendments consistent with its rules.

7. The TTAB's decision is hereby modified consistent with this Order, and affirmed in all other respects.

8. Austinuts, Inc.'s claims for declaratory judgment (Counts II and III) are dismissed without prejudice.

IT IS SO ORDERED.

Signed _April 14_, 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

DB1/64458310.14